UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               CASE NO. 3:15cr56/MCR

SHAWN RYAN GOODFLEISCH,

    Defendant.
_____/

## ORDER

Defendant is charged in a three-count Indictment with knowing receipt of child pornography, possession of child pornography involving a prepubescent minor, and destroying the contents of a laptop computer during a search. Pending before the court are two motions in limine filed by the Defendant, ECF Nos. 52, 53.

In the first motion in limine, Defendant argues that the Government should be precluded from introducing any more than five images of child pornography, asserting undue prejudice and that he has offered to stipulate that it is child pornography. The Government responds that, although there are 111 images and

1

videos that Defendant is accused of downloading, it intends to introduce no more than 10.  The Government also argues that although the parties have stipulated that the images depict real minor children engaging in sexually explicit conduct and that the evidence depicts one or more children under the age of 12, the stipulation should not preclude the Government from presenting its case with the evidence that it deems necessary, relying on *Old Chief v. United States*, 519 U.S. 172, 183 (1997) (stating, "a defendant's Rule 403 objection offering to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all the circumstances surrounding the offense"). The court agrees with the Government, subject to revisiting the objection at trial as to any particular image.

Because the charges involve child pornography and these images were seized from Defendant's possession, the evidence is relevant. Defendant relies on *United States v. Cunningham*, 694 F.3d 372, 387 (3d Cir. 2012), arguing that this kind of "highly reprehensible and offensive content" might lead a jury to convict based on the prejudicial impact.  However, although the court has not yet seen the evidence, Defendant does not assert that the images are of a violent or sadistic nature, as was the case in *Cunningham*, where the court found that the evidence should have been excluded.  Assuming the images do not contain such material, the court cannot say that the relevance of admitting 10 images is outweighed by its

prejudicial effect. The offensive content of sexual images of children is unavoidable in this case, where the Defendant is charged with possessing pornographic images of prepubescent minors, but the court finds it unnecessary to limit the Government to only five images at this time, as Defendant requests. The court nonetheless reserves the right to revisit this ruling if the 10 images appear to be excessive when viewed in context at trial or based on objections to the content of any particular image.

The Defendant also moves to preclude the Government from admitting testimony that the Defendant did not consent to a search of his computers. The Government agrees not to offer this evidence at trial unless the Defendant opens the door, therefore, the motion is moot.

Accordingly:

1. Defendant's Motion in Limine Regarding Admission of Images of Child Pornography, ECF No. 52, is **GRANTED** in part, such that the Government is limited to presenting 10 images at trial. The court reserves the right to revisit this ruling at trial.

2. Defendant's Motion in Limine Regarding Admission of Testimony

that He Did Not Consent to a Search of His Computers, ECF No. 53, is **MOOT**.

**DONE AND ORDERED** this 26th day of September, 2016.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**